IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Nina Stephens, an individual,   Case No: 8:17-CV-1338-T-33AEP

    Plaintiff,

vs.

Time Customer Service, Inc. Severance Plan, and Henry
Lescaille, as Plan Administrator,

    Defendant(s).
_____/

## PLAINTIFF/COUNTERDEFENDANT'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM

Plaintiff/Counterclaim-Defendant Nina Stephens (Stephens) by and through her undersigned attorneys hereby moves to dismiss all counts in the First Amended Counterclaim for Relief filed by Counterclaim Plaintiffs on November 3, 2017. In support of this motion Stephens submits the following:

### MEMORANDUM OF LAW

**Introduction**

Counterclaims are subject to the same pleadings standards as complaints and are subject to dismissal under Rule 12 of the Federal Rules of Civil Procedure. To survive a motion to dismiss, a complaint (or counterclaim) must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks and citations omitted).

**Background**

Counterclaim Plaintiffs, in the belief that Stephens has limited resources, have filed an Amended Counterclaim. Amended Counterclam(Amd.C.C.). ¶30 In evaluating this Amended Counterclaim it is important to understand conduct that occurred at various times. On July 23, 2015 Stephens was sent a letter agreement from a Time Customer Services executive, Rafael Molina. That letter agreement promised Stephens severance payments under the Time Inc Plan for Regular Employees in return for Stephens' signing a release that released a wide range of theoretical claims that might have accrued as of the date the release was signed. Stephens signed the release on October 3, 2015.

Stephens subsequently became a participant in the Time Customer Service Severance Plan (TCS Plan), which is a separate legal entity from Time Customer Service. (TCS) Unlike Time Customer Service, the Time Customer Service Severance Plan is an entity regulated by the Employee Retirement Income Security Act (ERISA).

Subsequently on June 6, 2017, Stephens filed a lawsuit under ERISA based on misconduct that occurred on March 15, 2016 by TCS Plan officials including Defendant Lescaille, the TCS Plan administrator. That misconduct was a failure to by the TCS Plan and plan officials to meet the ERISA standards that became applicable to Stephens when she became a TCS Plan participant. As is discussed in more detail below, the core of Counterclaim Plaintiff's claim is their contention that a release that is limited to past conduct with respect to a corporate employee somehow applies to future conduct by ERISA plan officials that violates Stephens'

newly-acquired ERISA rights. Court precedent shows this is not permissible. <u>Medical Association of Georgia v. Wellpoint</u>, 756 F3rd 1222 (11th Cir. 2014)

Both Counts of Counterclaim Plaintiffs First Amended Counterclaim should be dismissed because they fail to meet the Court's standards as set forth in its Order.

### Count I of Amended Counterclaim Should be Dismissed Because No Showing of a Pending Federal Action Has Been Made

The Court has shown Counterclaim Plaintiffs a path for alleging a Declaratory Judgement Action, but Counterclaim Plaintiffs have not and cannot follow that path. As the Court has pointed out, Counterclaim Plaintiffs can potentially state an action subject to the declaratory judgment act if they can show the existence of a pending or potential action that consists of a federal claim. Order (Doc. 31) at P. 14 (citing <u>Prudential Ins. Co. of Am. v. Doe</u>, 76 F3rd 206, 210 (8th Cir. 1996))(indicating that declaratory judgment jurisdiction is available if a pending or potential federal claim exists)  They have not even attempted to make that showing. They point to no other federal claim that Stephens is contemplating.

Instead Counterclaim Plaintiffs point to the existing action in which the Plaintiff seeks, among other things, declaratory relief under the Plan. In their pleadings Counterclaim Plaintiffs contend that the release they seek to litigate is a part of the Plan. Amd.C.C. ¶ 28  As such it is already part of this litigation, including declaratory judgment litigation. Because the Agreement and its attached release can and will be litigated as part of this action, Counterclaim Plaintiffs have no pending action they can point to.

### Count II of the Amended Counterclaim Should be Dismissed Because Recoupment is Not Available Here

Counterclaim Plaintiffs' contention that the Plan Document provides for recoupment is fatally flawed. Counterclaim Plaintiffs' rely a definition of Plan Document that is inconsistent with ERISA because it treats as the Plan Document (1) a writing entitled "Plan Facts" coupled with (2) the Summary Plan Description for the Time Customer Services, Inc. Severance Plan. Amd.C.C. ¶¶ 5,6, Ex.1. Omitted without explanation from this combination is the actual Plan document. The actual TCS Plan document, whose status Counterclaim Plaintiffs acknowledged and relied on in their Motion to Dismiss (Doc 8), p.4 (Ex. A)(Doc. 8-1) is entitled Time Customer Services, Inc. Severance Plan (and here is called the Official Plan Document). For purposes of clarity, the plan document, as defined by Counterclaim Plaintiffs, is called here the SPD Plan document.

The exclusion of the Official Plan Document from the SPD Plan Document is inconsistent with ERISA because ERISA envisions a plan document as well as a summary plan description. See ERISA § 402(a) (1) 29 U.S.C. §1102 (a) (written instrument required); 29 ERISA § 402(a), 29 U.S.C. §1022 (a) (summary plan description advises participants of their rights under the plan). It is also inconsistent with Supreme Court precedent which differentiates plan documents and summary plan descriptions and holds that in the event of conflict the plan document trumps the plan summary plan description. See CIGNA Corp. v. Amara, 563 U.S. 421 (2011). Notably, the Official Plan Document does not contain a recoupment clause. Stephens submits that by creating an artificial plan document by cobbling together ancillary documents for the plan and omitting the real plan document, Counterclaim Plaintiffs have violated the plausibility standard. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)

But even if the Counterclaim Plaintiffs contentions about the applicable plan document are accepted, their contention that recoupment is available here does not stand. According to Counterclaim Plaintiffs the Plan consists of SPD Plan Document and a letter dated July 23, 2016, to Stephens from Rafael Molina (the July 23 Letter) along with its attached Release (the Release). For purposes of clarity the combined July 23 Letter and the Release which Defendant's designate as the "Agreement" is called here the Counterclaim Agreement.

The key point is that even taking Counterclaim Plaintiffs at their word and using the writings they rely on[1], a right to recoupment does not exist here. The recoupment language Counterclaim Plaintiffs rely on is found in the July 23 Letter. Although Counterclaim Plaintiffs rely on this language, they gloss over its fatal limitations.

The language itself has limited scope. It says that the payments and benefits provided are in discharge of the liabilities of the Company [Time Inc.] to you. July 23 Letter ¶ 1(h). Time Inc, is not a defendant in this lawsuit and Stephens is not asserting a claim against Time Inc. Stephens' claims are against Time Customer Services, Inc. Severance Plan and its administrator, Lescaille. This language does not discharge any labilities of Counterclaim Plaintiffs in this lawsuit.

Counterclaim Plaintiffs point to additional language in that paragraph which states that if a term of the "Agreement" (defined under the July 23 Letter as the July 23 Letter)[2] is breached then Stephens forfeits any remaining amounts due under the "Agreement" (i.e. the July 23 Letter). Because Stephens has received everything she is due under the July 23 Letter there is nothing for her to forfeit.

---

[1] The SPD Plan document (SPD plus Plan Facts), the July 23 Letter, and the release.
[2] July 23 Letter, introductory paragraph.

The July 23 Letter goes on to say that if a term of the "Agreement" (as defined under the July 23 letter as the July 23 letter) is breached then the Company (Time Inc.) may seek recoupment of amounts paid under the "Agreement" (i.e. the July 23 Letter). Here, of course, Time Inc. is not seeking recoupment. Instead two separate legal entities, the Time Customer Services, Inc. Severance Plan and Lescaille are the Counterclaim Plaintiffs-and they are seeking recoupment without recoupment authority under the "Agreement" (i.e. the July 23 Letter).

Counterclaim plaintiffs also point to language in the Summary Plan Description for the Time Customer Services, Inc. Severance Plan that says that the Release is an important legal document that would "prevent you" from suing TCS, Time Inc. or any of their affiliates. Amd.C.C. ¶ 38  Although they allude to the Release, Counterclaim Plaintiffs do not point to any provisions of the Release that they believe are violated. Setting aside cc implicit and questionable assumption that a violation of the release constitutes a violation of the Agreement. Counterclaim Plaintiffs cannot show that the Release has been violated because the Release excludes plan claims for benefits and because it does not reach future conduct.

*Plan Claims Excluded.*  The release expressly provides that it does not constitute a waiver of Stephens' right to vested accrued benefits under any qualified or nonqualified plan of the Company (Time, Inc.) or its parents or subsidiaries). Release p. A-2. When Stephens became a participant is the TCS Plan her rights under the plan vested. Summary Plan Description for the Time Customer Services, Inc. Severance Plan. (Doc. 37-1). In asserting her claims for benefits Stephens is enforcing her rights for benefits, an action permitted by the Release.

*Future Conduct.*  The Release expressly provides that nothing constitutes a waiver of claims arising after the date the Release was signed (here September 3, 2015). The claims for in this case did not arise before March 15, 2016, 90 days after Stephens filed her claims for

benefits, when Counterclaim Plaintiffs violated their ERISA duties by ignoring Stephens' claims. Accordingly, this case is based on conduct that occurred almost six months after the date on which the Release was signed. The release transaction was between Time Customer Service (TCS) and Stephens in her capacity as an employee and a TCS executive, Rafael Molina. In contrast, this litigation is based on the failure of the Plan, a different legal entity from TCS to respond to claims and inquires by Stephens in her capacity as a plan participant and her assertion that these failures are a violation of federal law. The language of the release does not cover this litigation. Indeed, the Eleventh Circuit has held that releases similar to the Release here do not cover claims based on new wrongful conduct occurring after the effective date of the release. Medical Association of Georgia v. Wellpoint, 756 F3rd 1222 (11th Cir. 2014). Because this lawsuit is based on wrongful conduct that occurred after the Release was signed, it is not covered by the release.

### Conclusion

For all of the foregoing reasons both counts of Counterclaim Plaintiffs First Amended Counterclaim should be dismissed.

/s/ William D. Mitchell
**MITCHELL LAW GROUP**
William D. Mitchell
1319 West Fletcher Ave.
Georgetown Office Center
Tampa, FL. 33612
(813) 223-1959
Florida Bar No. 391972
mitchlaw@askmitch.net

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
John A. Yanchunis
(Florida Bar No. 324681)

201 N. Franklin St., 7th Floor  
Tampa, FL 33602  
Telephone: (813) 223-5505  
Facsimile: (813) 222-2434  
jyanchunis@forthepeople.com

## CERTIFICATE OF SERVICE

I hereby certify that on this November 19, 2017, **PLAINTIFF-COUNTERDEFENDANT'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM** was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Counterclaim Plaintiffs counsel of record as follows:

Bent Schott  
bschott@littler.com

/s/ *William D. Mitchell*
_____
ATTORNEY FOR PLAINTIFF