```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

NINA STEPHENS,

    Plaintiff,

v.                                    Case No. 8:17-cv-1338-T-33AEP

TIME CUSTOMER SERVICE, INC.,
SEVERANCE PLAN and HENRY
LESCAILLE, as Plan
Administrator,

    Defendants.
_____/

### **ORDER**

This matter comes before the Court pursuant to Plaintiff and Counterclaim-Defendant Nina Stephens' Motion to Dismiss the Amended Counterclaim (Doc. # 38), filed on November 19, 2017. Defendants and Counterclaim-Plaintiffs Time Customer Service, Inc. Severance Plan ("TCS Plan") and Henry Lescaille responded on December 4, 2017. (Doc. # 39). For the reasons that follow, the Motion is denied.

**I.   Background**

When Stephens was terminated from her position with Time Customer Service, Inc., she signed a contractual separation Agreement and general release. (Doc. # 37 at 14-15). The Agreement stated that Stephens would receive $34,693.65 in

1

severance benefits under the terms of the severance program. (Id.). To be eligible to receive those benefits, Stephens had to sign the Agreement and attached release, which Stephens did. (Id.). The Agreement and release provided, among other things, that the $34,693.65 was all Stephens was entitled to and that, if Stephens violated the terms of the Agreement, "the Company may seek all available relief under law or in equity, including, but not limited to, recoupment of amounts paid to" Stephens. (Doc. # 37-2 at 4). The release provided that Stephens released any claims under ERISA against all "the Time Inc. Entities and Persons," each of which was "intended to be a third party beneficiary under this Agreement." (Id. at 8).

The TCS Plan and Lescaille have paid the money specified by the Agreement to Stephens, yet Stephens has sued for additional benefits under the Plan. According to the TCS Plan and Lescaille, "[b]y asserting her [ERISA] claims against [them] in this action, [Stephens] has breached and continues to breach the terms of the Plan as forth in the Plan Document itself and the Agreement which is part of the Plan." (Doc. # 37 at 17).

Stephens filed her three-Count Complaint in this Court on June 6, 2017, against the TCS Plan and Lescaille as Plan

Administrator for the TCS Plan. (Doc. # 1). The Complaint asserts claims under ERISA §§ 502(a)(1)(B), 502(a)(3), and 502(c)(1), as codified in 29 U.S.C. § 1132, for denial of benefits, breach of fiduciary duty, and failure to respond to document requests. (Id.). The TCS Plan and Lescaille filed their Motion to Dismiss on August 1, 2017, (Doc. # 8), which the Court denied on August 22, 2017. (Doc. # 15).

Then, on September 5, 2017, the TCS Plan and Lescaille filed their Amended Answer and Counterclaim, (Doc. # 22), which Stephens moved to dismiss. (Doc. # 26). On October 24, 2017, the Court granted Stephens' motion to dismiss the counterclaim in part. The Court dismissed Counts I and II for breach of contract and specific performance as preempted by ERISA but dismissed Counts III and IV for declaratory relief and equitable restitution with leave to amend. (Doc. # 31).

The TCS Plan and Lescaille filed their Answer and Amended Counterclaim on November 3, 2017 (Doc. # 37), asserting two counterclaims: Count I for declaratory relief under the Declaratory Judgment Act and Count II for equitable restitution pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Stephens moved to dismiss the Amended Counterclaim on November 19, 2017. (Doc. # 38). The TCS Plan

3

and Lescaille have responded (Doc. # 39), and the Motion is ripe for review.

## II. Legal Standard

A motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. Stewart Title Guar. Co. v. Title Dynamics, Inc., No. 2:04-cv-316-FtM-33SPC, 2005 WL 2548419, at *1 (M.D. Fla. Oct. 11, 2005). Thus, on a motion to dismiss, this Court accepts as true all the allegations in the counterclaim and construes them in the light most favorable to the counterclaim plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).

Further, this Court favors the counterclaim plaintiff with all reasonable inferences from the allegations in the counterclaim. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true

a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

III. **Analysis**

    A. **Declaratory Judgment Claim**

In Count I, the TCS Plan and Lescaille plead a claim under the federal Declaratory Judgment Act. (Doc. # 37 at 19). They seek "a judicial declaration of their rights and duties under the terms of the Plan as set forth in the Plan Document and the Agreement which is part of the Plan and the rights and duties of [Stephens], including a determination that [Stephens] is bound by the General Release . . . ." (Id.).

As the Court previously explained, the TCS Plan and Lescaille can assert a claim under the Declaratory Judgment Act to obtain a declaration as to the terms of the policy. (Doc. # 31 at 14)(citing Prudential Ins. Co. of Am. v. Doe, 76 F.3d 206, 210 (8th Cir. 1996)). But Stephens asserts that there is no potential or pending federal claim by her that could provide federal subject matter jurisdiction. (Doc. # 38 at 3). She contends — without any citation to authority — that her own ERISA claims do not qualify as such a potential or pending federal action because "the agreement and attached

5

release can and will be litigated as part of this action." (Id.).

The Court disagrees. That there is factual overlap between Stephens' claims and the TCS Plan and Lescaille's declaratory judgment claim does not support that Stephens' ERISA claims should not be considered a relevant pending federal claim. Regardless, even if no basis for original federal jurisdiction existed for this declaratory judgment claim, the Court would be free to exercise its supplemental jurisdiction over this claim because the TCS Plan and Lescaille also assert an ERISA claim. See Lucas v. Acheson, No. 2:14-CV-0856-SLB, 2015 WL 685638, at *8 (N.D. Ala. Feb. 18, 2015)(holding that "the court has supplemental jurisdiction over the declaratory judgment claim" where plaintiffs also brought a federal interpleader claim).

**B.   Claim for Equitable Relief under ERISA**

In Count II, the TCS Plan and Lescaille assert a claim for equitable relief to enforce the terms of the Plan under ERISA, 29 U.S.C. § 1132(a)(3). (Doc. # 37 at 21-22); see 29 U.S.C. § 1132(a)(3) (providing that a participant, beneficiary, or fiduciary may seek either an injunction or "other appropriate equitable relief" in order "to redress such violations" or "to enforce any provisions of this

subchapter or the terms of the plan"). They allege that Stephens "has been unjustly enriched by her refusal to adhere to the terms of the Agreement" because Stephens waived and released the ERISA claims she currently asserts as a condition precedent to her receiving the $34,693.65 in severance benefits. (Id. at 21). The TCS Plan and Lescaille "seek all appropriate equitable relief . . . to enforce the terms of the Plan, including equitable restitution from Counterclaim Defendant of the $34,693.65 severance payment made to her under the terms of the Plan." (Id.).

Stephens argues this claim should be dismissed because "a right to recoupment does not exist" under the language of the Agreement or the Plan summary attached to the Amended Counterclaim. (Doc. # 38 at 4-5). The Court disagrees. The TCS Plan and Lescaille persuasively contend they do not need to identify a specific recoupment provision in the Plan because their claim seeks "all available equitable relief," including equitable restitution, as provided under § 1132(a)(3). (Doc. # 39 at 4-5).

And, even if a specific Plan provision were required, the TCS Plan and Lescaille correctly note that such provision is included in the Agreement. (Id. at 5-6). To the extent Stephens argues the Agreement and release, or the Plan

summary, are not part of the Plan and thus are not subject to § 1132(a)(3), the Court previously rejected that argument as inappropriate for the pleading stage. <u>See</u> (Doc. # 31 at 18)(noting that the Court "need not determine, at this stage," whether the Agreement and release are terms of the TCS Plan and that "the TCS Plan and Lescaille may seek to enforce the Agreement through § 1132(a)(3) under the theory that the letter Agreement and release are part of the TCS Plan's terms").

Nor does the Court agree with Stephens that the language in the Agreement, that "the Company [Time Inc.] may seek recoupment," prevents the TCS Plan and Lescaille from asserting this claim. (Doc. # 38 at 5-6). Although this language specifies Time Inc., rather than the TCS Plan and Lescaille, the release attached to the Agreement specifies that all entities and people associated with Time Inc. are covered by the release and are intended to be third party beneficiaries of the Agreement. (Doc. # 37 at 22; Doc. # 37-2 at 8). Therefore, the TCS Plan and Lescaille have plausibly alleged that they can seek recoupment at least as third party beneficiaries of the Agreement.

Stephens also argues that the release's terms do not apply to her ERISA claims because "the release expressly

8

provides that it does not constitute a waiver of Stephens' right to vested accrued benefits" or "of claims arising after the date the release was signed." (Doc. # 38 at 6-7). Stephens insists her ERISA action fits within both exceptions, and thus she has not violated the release. (Id.). The Court agrees with the TCS Plan and Lescaille that this argument is more appropriate for the summary judgment stage when the Court can address when Stephens' ERISA claims arose and whether her benefits were vested. (Doc. # 39 at 10-11). For now, the Amended Counterclaim plausibly alleges that Stephens' ERISA claims were waived under the release, and thus Stephens has breached the terms of the Plan. (Doc. # 37 at 21). The Amended Counterclaim states a claim for equitable relief under § 1132(a)(3).

**IV. Conclusion**

Both Counts of the Amended Counterclaim survive. Stephens' Motion is denied and her answer to the Amended Counterclaim is due December 20, 2017.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff and Counterclaim-Defendant Nina Stephens' Motion to Dismiss the Amended Counterclaim (Doc. # 38) is **DENIED**.

(2) Stephens' Answer to the Amended Counterclaim is due **December 20, 2017**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of December, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE